STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF SCOTT                                      FIRST JUDICIAL DISTRICT

---

Ryan Ronquist,                                    Court File No. _____

                 Plaintiff,            Judge: _____

v.                                                Case type: Employment

United Rentals, Inc.,                                     **SUMMONS**

                 Defendant.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT UNITED RENTALS, INC.:

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    BAILLON THOME JOZWIAK & WANTA LLP
    100 South Fifth Street, Suite 1200
    Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get

1

legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: December 6, 2022

*/s/ Katherine Rollins*
Katherine E. Rollins
Bar No. 0402808
Jerri C. Adams Belcher
Bar No. 0396352
*Attorneys for Plaintiff*
BAILLON THOME JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Fax: (612) 252-3571
kerollins@baillonthome.com
jcbelcher@baillonthome.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF SCOTT | FIRST JUDICIAL DISTRICT |

Ryan Ronquist,

    Plaintiff,

v.

United Rentals, Inc.,

    Defendant.

Court File No. _____
Judge: _____

Case type: Employment

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Ryan Ronquist, for his Complaint against Defendant, states and alleges as follows:

<u>PARTIES, JURISDICTION & VENUE</u>

1. Plaintiff Ryan Ronquist is a resident of Woodville, Wisconsin, and worked for Defendant as a Service Tech I in Savage, Minnesota.

2. Defendant United Rentals, Inc. ("URI" or "Defendant") is a Delaware corporation, headquartered in Stamford, Connecticut, and operating in Minnesota.

3. Defendant is an equipment rental company with a "commitment to service and safety."[1]

4. At all times relevant to this action, Plaintiff and Defendant were "employee" and "employer," respectively, within the meaning of Minn. Stat. § 181.932.

5. The Court has personal jurisdiction over the parties because Defendant conducts business in Minnesota, and the alleged unlawful employment actions at issue occurred in Minnesota.

---

[1] About Us, UNITED RENTALS, INC., available at https://www.unitedrentals.com/our-company/about-us.

1

6. Venue is proper in Scott County pursuant to Minn. Stat. § 542.09. Plaintiff worked for Defendant in Scott County, Minnesota, and the unlawful acts alleged herein occurred in Scott County, Minnesota.

## FACTS

7. Plaintiff began working as a service technician for Defendant in or about April 2017.

8. In 2021, Plaintiff's supervisor praised Plaintiff, stating, "Ryan has done a great job overall following our safety protocols and culture . . . . He can also, be more of a voice when he sees something not right."

9. On February 18, 2022, Plaintiff started his shift at 7:30 am.

10. That night, branch manager Wesley Lacina called Plaintiff to request that Plaintiff drive a service truck while pulling a pump to service a customer the next day.

11. Plaintiff informed Lacina that he felt unsafe pulling the pump with the service truck due to a steep visibility restriction.

12. The service truck in question is a wide vehicle with a tool box, and when pulling a trailer, drivers, including Plaintiff, were unable to see obstacles or people behind the vehicle.

13. Plaintiff also expressed concern that the service truck and trailer would exceed weight restrictions, detectable by scales he would be required to pass over on the way to the customer.

14. Plaintiff offered, instead, to use only the service truck to aid the customer.

15. In response, Lacina became upset and asked, "So are you telling me that you will not do it?"

16. Plaintiff reiterated his concern that pulling the pump behind the service truck would violate weight restrictions and that he could instead help the customer with only the service truck.

17. Lacina responded, "So that is insubordination, and we will handle this on Monday."

18. Plaintiff once again told Lacina that his refusal was because he did not feel the job as requested was safe.

19. Lacina responded "noted" and hung up on Plaintiff.

20. Plaintiff then reported his concerns to regional manager Troy Ross and described how he felt unsafe carrying out this task, and he thought his actions were justified given DOT regulations and United's policy to prioritize safety and give employees Stop-Work Authority.

21. Ross agreed with Plaintiff's concerns and suggested having Wesley meet Plaintiff the next day to pull the pump separately to comply with the law and safety requirements.

22. A little after 8:00 pm the same day, Plaintiff received another phone call from Lacina.

23. Lacina requested Plaintiff go to the job site that night with the service truck.

24. Plaintiff expressed a desire to stick with the plan that he and Ross made.

25. Lacina responded, "So you're telling me you are uncomfortable going tonight."

26. Plaintiff said yes, and specifically cited concerns about driving outside of DOT regulations, falling asleep at the wheel, driving in the dark, and being up for 24 hours or more.

27. Plaintiff explained that he had been up since 4:45 am, began working at 7:30 am, would not arrive to the shop until after 9:00 pm, and would have to drive at least two and a half hours to the customer each way, in addition to the time required to fix the pumps at the site.

28. Lacina replied, "They would figure it out," and ended the call.

3

29. Plaintiff did not hear from Lacina or anyone else from Defendant the rest of the weekend.

30. On February 21, 2022, Lacina left Plaintiff a voicemail stating that Plaintiff was suspended pending an investigation.

31. Plaintiff called back to understand why he was suspended and what led to it, but Lacina refused to elaborate.

32. On February 24, 2022, Plaintiff received a call from Ross and human resources employee, Tony Flores.

33. Flores and Ross asked Plaintiff to walk them through the events of February 18.

34. After Plaintiff restated what occurred, Flores and Ross responded that they did not believe there was anything safety-related that prevented Plaintiff from doing what Lacina asked.

35. On February 28, 2022, Plaintiff received a call from Ross, Lacina, and Flores, during which Plaintiff was terminated for being "defiant" and "insubordinate."

## COUNT I
### RETALIATION IN VIOLATION OF THE MINNESOTA WHISTLEBLOWER ACT
Minn. Stat. § 181.932

Plaintiff re-alleges all preceding paragraphs of this Complaint.

36. The Minnesota Whistleblower Act ("MWA") prohibits an employer from "discharge[ing], discipline[ing], threaten[ing], otherwise discriminat[ing] against . . . an employee regarding the employee's compensation, terms, conditions, locations, or privileges of employment because . . . the employee . . . in good faith reports a violation, suspected violation, or planned violation of any federal or state law or common law or rule adopted pursuant to law to an employer." Minn. Stat. § 181.932, subdiv. 1(1).

37. Further, the MWA prohibits retaliation against an employee for "refus[ing] an employer's order to perform an action that the employee has an objective basis in fact to believe

4

violates any state or federal law or rule or regulation adopted pursuant to law, and the employee informs the employer that the order is being refused for that reason." Minn. Stat. § 181.932, subdiv. 1(3).

38.     Plaintiff had a reasonable and good faith belief that completing Defendant's request on February 18 would have violated state and federal laws and regulations, including 49 C.F.R. § 395.3(a)(2) (requiring 10 consecutive hours off-duty separating each 14 hours on duty); 49 C.F.R. § 571.111 (requiring that driver is satisfied with a list of parts and accessories, including rear-vision mirror or mirrors, prior to a commercial motor vehicle being driven); Minn. Stat. § 221.0314(9) (incorporating the driving hour limitations set out by the Code of Federal Regulations title 49 part 395 into Minnesota Statutes); Minn. Stat. § 169.822 *et seq.* (setting maximum vehicle weight), and Minn. Stat. § 182.654(11) (mandating that an employee acting in good faith has the right to refuse to work under conditions which the employee reasonably believes present an imminent danger of death or serious physical harm).

39.     Further, Plaintiff had an objective basis in fact to refuse to service the customer that evening, as he began working at 7:30 am, and would have been required to drive after 9:30 pm, in violation of DOT drive time regulations. *See* 49 C.F.R. § 395.3(a)(3)(i); INTERSTATE TRUCK DRIVER'S GUIDE TO HOURS OF SERVICE, U.S. DEP'T OF TRANSPORTATION: FED. MOTOR CARRIER SAFETY ADMIN. at 6 (Apr. 2022), available at https://www.fmcsa.dot.gov/regulations/hours-service/interstate-truck-drivers-guide-hours-service.

40.     Plaintiff, in good faith, reported suspected or planned violations of state and federal law regarding commercial drivers, and refused, with an objective basis in fact, to work under unsafe conditions and in violation of state and federal laws limiting driving hours.

41.   Defendant, by and through its officers acting on its behalf, violated the MWA by terminating Plaintiff's employment in retaliation for reporting Defendant's illegal conduct and refusing to do unsafe work.

42.   Defendant's actions described in this Complaint were undertaken with a clear and conscious disregard for the rights of Plaintiff.

43.   As a direct and proximate result of Defendant's conduct, Plaintiff as suffered and continues to suffer economic harm, loss of wages and benefits, emotional distress, humiliation, embarrassment, pain and suffering, loss of enjoyment of life, and other serious damages.

## PRAYER FOR RELIEF

Therefore, Plaintiff requests that judgment be entered against Defendant for the following:

a.   Declaring that Defendant's acts or omissions described in this Complaint constitute violations of applicable federal and state laws which protect Plaintiff;

b.   Enjoining Defendant and its employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries and all other persons acting in concert or participation with it, from its unlawful acts;

c.   Requiring Defendant to make Plaintiff whole for its adverse, retaliatory, and discriminatory actions with compensatory damages and with interest of an appropriate inflation factor;

d.   Requiring Defendant to award Plaintiff front pay and monetary value of any benefits to which he would have been entitled as an employee for Defendant;

e.   Awarding Plaintiff attorneys' fees, costs, and disbursements pursuant to statute; and

f.   Granting other and further relief as the Court deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Dated: December 6, 2022

/s/ Katherine Rollins
Katherine E. Rollins
Bar No. 0402808
Jerri C. Adams Belcher
Bar No. 0396352
*Attorneys for Plaintiff*
BAILLON THOME JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Fax: (612) 252-3571
kerollins@baillonthome.com
jcbelcher@baillonthome.com

ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated: December 6, 2022

/s/ Katherine Rollins
Katherine E. Rollins

7